**NYSCOSEAL, INC. and Nysco Laboratories, Inc., Plaintiffs,**

v.

**PARKE, DAVIS & COMPANY, Defendant.**

United States District Court
S. D. New York.

April 19, 1961.

William R. Liberman, New York City, for plaintiffs.

Rogers, Hoge & Hills, New York City, for defendant.

PALMIERI, District Judge.

In October 1957, plaintiffs commenced this action for a declaration of invalidity and cancellation of defendant's trademark registrations of colored capsule sealing bands. Plaintiffs allege

that they took this course following defendant's threat of suit for infringement based upon plaintiffs' activities in selling and advertising color banded capsules. Defendant had obtained a patent on capsules sealed with color bands in 1932 and had enjoyed statutory protection as exclusive producer and seller of these pharmaceutical preparation packages until the patent expiration date in 1949. Plaintiffs charge that during the period between 1932 and 1951 defendant laid the foundation for an unlawful plan to extend and perpetuate its patent monopoly by obtaining trademark registrations for capsule sealing bands in "substantially all the colors of the spectrum."

Developments occurring in March 1961 —well over three years after the institution of this action—form the setting for this motion to amend the complaint pursuant to Fed.R.Civ.P. 15, 28 U.S.C.A. First, on March 9, 1961, all of the challenged color band trademark registrations were surrendered to and cancelled by the Patent Office on defendant's own petition. Second, during the period from March 14, 1961 to March 17, 1961, plaintiffs commenced pre-trial examination of defendant's officers and employees and, in the course of such deposition proceedings, "facts not theretofore known by plaintiffs" were allegedly discovered. Foremost among such newly discovered facts was the information that, during the seventeen year term of the patent and from the expiration of the patent up to the present date, defendant applied the word Kapseals to its color band sealed capsules and to no other item in its product line, that between 1932 and 1942 defendant secured four trademark registrations including or comprising the word Kapseals, and that on May 7, 1960, defendant filed a new application for a fifth registration covering the word Kapseals.

The proposed amended complaint would include plaintiffs' contention that during the period between 1932 and 1949 Kap-

seals became the descriptive or identifying name of the patented article and therefore passed into the public domain upon the cessation of the patent monopoly. See Singer Mfg. Co. v. June Mfg. Co., 1896, 163 U.S. 169, 185, 16 S.Ct. 1002, 41 L.Ed. 118. Based upon this contention plaintiffs seek as additional relief the cancellation of the trademark registrations of Kapseals.

■ Viewed in this background, the proposed amendment appears to be an attempt to inject new vigor into an action which has lost some of its importance by virtue of the cancellation of all trademarks covering the colors used by defendant for its sealing bands. However, the draftsmen of Fed.R.Civ.P. 15 quite obviously intended that a party who, on investigation of the facts, discovers that the matters in dispute are not as first supposed ought not to be required to stand on his initial formulation of claims or defenses. See 3 Moore, Federal Practice ¶ 15.02 (2d ed. 1948). Moreover, I do not deem it appropriate to express any prediction as to the likelihood that an amended complaint in the form proposed by plaintiffs could withstand challenges which defendant might choose to interpose at or prior to trial. A motion to amend does not put in issue the legal sufficiency of the complaint and my ruling will not in any way affect defendant's right to assert whatever defenses it may believe to be well founded. Since permission to amend is not sought in the context of a statute of limitations problem, the possible benefit to plaintiffs of the "relation back" rule of Fed.R. Civ.P. 15(c) is not in issue. See Note, 59 Colum.L.Rev. 648, 655–56 (1959); cf. Heuer v. Basin Park Hotel and Resort, D.C.W.D.Ark.1953, 114 F.Supp. 604 (amendments asserting legal rights based upon factual occurrences not claimed in initial pleadings do not relate back). Finally, with the case in its present posture, a pleading amendment might serve the salutary purpose of bringing before the court at one time all of plain-

tiffs' alleged grievances with respect to the marketing of the color banded capsules formerly covered by defendant's patent.

The questions raised by defendant as to the existence of a justiciable controversy between the parties relating to the word registrations of Kapseals[1] and the fact that an important paragraph of the proposed amendment deals with a happening which occurred since the date suit was instituted[2]—i. e., defendant's May 7, 1960 Kapseals registration application—are insufficient to bar the relief presently sought. Although it is fair to say that, in the interest of clarity, the proposed amended complaint could bear improvement, this court must be mindful of the policy of the Federal Rules to prevent preliminary procedural technicalities from forestalling decisions on the merits. See Clark, Simplified Pleading, 2 F.R.D. 456 (1943). And, if the essential basis of plaintiffs' claim is that their ability to compete has been and continues to be hurt by defendant's efforts to reserve for itself advantages which the law now requires it to share, then plaintiffs should be permitted to state their contentions as to the nature of such efforts and advantages.

Nor should plaintiffs be required to withdraw the allegations of proposed paragraphs 6, 7, 12 and 28. These paragraphs were inserted to provide a basis for proof that defendant's refusal to aid plaintiffs with their capsules problems constituted a violation of a consent antitrust decree entered against defendant. Further investigation may demonstrate that no such claim can be established but, at this stage, plaintiffs have sufficiently set forth the fact situation as a whole and they need not append thereto any legal epithet or conclusion. Cf. Nag-

ler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319.

Accordingly, leave to amend is hereby granted.

So ordered.

---

1. In asserting their right to use the word Kapseals, plaintiffs have said nothing of their attempt or declared intention to do so. Nor is there any reference to Kapseals in the proposed amended complaint paragraph which states the elements of the "actual controversy" existing between the parties. Cf. American Machine & Metals, Inc. v. De Bothezat Impeller Co., 2 Cir., 1948, 166 F.2d 535.

2. Compare Fed.R.Civ.P. 15(a) (amendments) *with* Fed.R.Civ.P. 15(d) (supplemental pleadings).