JOSEPH W. NAMATH, Also Known as JOE NAMATH, Appellant, v SPORTS ILLUSTRATED, A DIVISION OF TIME INCORPORATED, et al., Respondents.

First Department, July 10, 1975

*Martin E. Silfen* of counsel *(Stephen Gillers* with him on the brief; *Carl R. Sloan,* attorney), for appellant.

*Harold R. Medina, Jr.,* of counsel *(Kenneth M. Kramer* with him on the brief; *Cravath, Swaine & Moore,* attorneys), for Time Incorporated, respondent.

CAPOZZOLI, J. Plaintiff sought substantial compensatory and punitive damages by reason of defendants' publication and use of plaintiff's photograph without his consent. That photograph, which was originally used by defendants, without objection from plaintiff, in conjunction with a news article published by them on the 1969 Super Bowl Game, was used in advertisements promoting subscriptions to their magazine, *Sports Illustrated.*

The use of plaintiff's photograph was merely incidental advertising of defendants' magazine in which plaintiff had earlier been properly and fairly depicted and, hence, it was not violative of the Civil Rights Law *(Booth v Curtis Pub. Co.,* 15 AD2d 343, affd 11 NY2d 907).

Certainly, defendants' subsequent republication of plaintiff's picture was "in motivation, sheer advertising and solicitation. This alone is not determinative of the question so long as the law accords an exempt status to incidental advertising of the news medium itself". *(Booth v Curtis Pub. Co., supra,* p 349.) Again, it was stated, at page 350 of the cited case, as follows: "Consequently, it suffices here that so long as the reproduction was used to illustrate the quality and content of the periodical in which it originally appeared, the statute was not violated, albeit the reproduction appeared in other media for purposes of advertising the periodical."

Contrary to the dissent, we deem the cited case to be dispositive hereof. The language from the Namath advertisements relied upon in the dissent does not indicate plaintiff's indorsement of the magazine *Sports Illustrated.* Had that been the situation, a completely different issue would have been presented. Rather, that language merely indicates, to the readers of those advertisements, the general nature of the contents of what is likely to be included in future issues of the magazine.

The order of the Supreme Court, New York County, entered

on February 5, 1975 (BAER, J), granting defendants' motion for summary judgment dismissing the complaint herein, and the judgment entered thereon on February 10, 1975, should be affirmed, with costs.

KUPFERMAN, J. P. (dissenting). It is undisputed that one Joseph W. Namath is an outstanding sports figure, redoubtable on the football field. Among other things, as the star quarterback of the New York Jets, he led his team to victory on January 12, 1969 in the Super Bowl in Miami.

This feat and the story of the game and its star were heralded with illustrative photographs in the January 20, 1969 issue of *Sports Illustrated,* conceded to be an outstanding magazine published by Time Incorporated and devoted, as its name implies, to the activities for which it is famous. Of course, this was not the first nor the last time that *Sports Illustrated* featured Mr. Namath and properly so.

The legal problem involves the use of one of his action photos from the January 20, 1969 issue in subsequent advertisements in other magazines as promotional material for the sale of subscriptions to *Sports Illustrated.*

Plaintiff contends that the use was commercial in violation of his right of privacy under sections 50 and 51 of the Civil Rights Law. See, in general, "The Muddled State of Law of Privacy" by J. Irwin Shapiro (NYLJ, May 16 and May 19, 1975, p 1, col 3). Further, that because he was in the business of indorsing products and selling the use of his name and likeness, it interfered with his right to such sale, sometimes known as the right of publicity. *(Haelan Labs. v Topps Chewing Gum,* 202 F2d 866 [2d Cir 1953].) Defendants contend there is an attempt to invade their constitutional rights under the First and Fourteenth Amendments by the maintenance of this action and that, in any event, the advertisements were meant to show "the nature, quality and content" of the magazine and not to trade on the plaintiff's name and likeness.

Initially, we are met with the determination in a similar case, *Booth v Curtis Pub. Co.* (15 AD2d 343 [1st Dept.], affd without opn 11 NY2d 907 [1962]) relied on by BAER, J. in his opinion at Special Term dismissing the complaint.

The plaintiff was Shirley Booth, the well-known actress, photographed at a resort in the West Indies, up to her neck in the water and wearing an interesting chapeau, which photo

appeared in *Holiday Magazine* along with photographs of other prominent guests. This photo was then used as a substantial part of an advertisement for *Holiday.*

Mr. Justice BREITEL (now Chief Judge BREITEL) wrote (p 350): "Consequently, it suffices here that so long as the reproduction was used to illustrate the quality and content of the periodical in which it originally appeared, the statute was not violated, albeit the reproduction appeared in other media for purposes of advertising the periodical."

However, the situation is one of degree. A comparison of the Booth and Namath photographs and advertising copy shows that in the *Booth* case, her name is in exceedingly small print, and it is the type of photograph itself which attracted attention. In the Namath advertisement, we find, in addition to the outstanding photograph, in *Cosmopolitan Magazine* (for women) the heading "The Man You Love loves Joe Namath", and in *Life,* the heading "How to get Close to Joe Namath." There seems to be trading on the name of the personality involved in the defendants' advertisements.

This distinction between actual advertising use and use to inform (cf. *Bigelow v Virginia,* 421 US 809) means that cases like *Time, Inc. v Hill* (385 US 374 [1967]) and *Cantrell v Forest City Pub. Co.* (419 US 245 [1974]) involving so-called "false light" portrayal are of only incidental interest. It is also a distinction accepted by Mr. Justice BREITEL in that he recognized a right "to have one's personality, even if newsworthy, free from commercial exploitation at the hands of another" *(Booth v Curtis Pub. Co., supra,* p 351).

The complaint should not have been dismissed as a matter of law.

LANE AND NUNEZ, JJ., concur with CAPOZZOLI, J.; KUPFERMAN J. P., and MURPHY, J., dissent in an opinion by KUPFERMAN, J. P.

Order, Supreme Court, New York County, entered on February 5, 1975, and judgment entered thereon on February 10, 1975, affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal.