■ ANDREA BASS, an Infant, by Her Father, JOSEPH BASS, et al., Respondents, v STRAIGHT ARROW PUBLISHERS, INC., et al., Appellants.—Order, Supreme Court, New York County, entered July 9, 1976, denying defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, and summary judgment granted dismiss-

ing the complaint, without costs and without disbursements. Without allegation of special damage, the complaint seeks compensatory and punitive damages for the infant plaintiff Andrea Bass and for her father Joseph Bass individually on causes of action for libel and for invasion of the privacy granted by section 50 of the Civil Rights Law. While defendants moved to dismiss for failure to state a cause of action, plaintiffs cross-moved for summary judgment and, in response to plaintiffs' request to consider defendants' motion as one for summary judgment, Special Term found that factual issues existed that precluded dismissal of the complaint. If the conduct complained of—publication without parental permission of a photograph of Andrea Bass in *Rolling Stone Magazine*—states any cause of action, it is personal to her. Her father, plaintiff Joseph Bass, has no standing to sue on his own behalf *(Pogany v Chambers,* 206 Misc 933, affd 285 App Div 866; *Rosemont Enterprises v Random House,* 58 Misc 2d 1, 7). The photograph was published as part of an article about devotees of The Who, a rock musical group that attracted 21,000 to a concert at Madison Square Garden (Garden). It showed plaintiff Andrea Bass standing outside the Garden, wearing a halter top inscribed with The Who and displaying a T-shirt similarly inscribed that she was offering for sale. Reason can only hold that the picture was related to the newsworthy subject matter of the article and not for the purpose of advertising and trade *(Murray v New York Mag. Co.,* 27 NY2d 406). Nor can a cause of action for libel be sustained because a reading of the article in its entirety shows no defamation of the plaintiff *(James v Gannett Co.,* 40 NY2d 415; *Oma v Hillman Periodicals,* 281 App Div 240). Nor do we find any libel in the touchup of the photograph. In the original the plaintiff's dark hair blended into the dark night background. To accomodate a white background in the printed version an arbitrary delineation of the plaintiff's coiffure was made, providing an inoffensive and natural appearing result. Concur—Birns, J. P., Lane, Markewich and Lynch, JJ.