NILZA LOPEZ, an Infant, by BERNIE LOPEZ, Her Father and Natural Guardian, Respondent, v TRIANGLE COMMUNICATIONS, INC., Appellant.

First Department, October 30, 1979

APPEARANCES OF COUNSEL

*Samuel E. Klein* of counsel *(Stephen Froling* with him on the briefs; *Rogers & Wells* and *Kohn, Savett, Marion & Graf, P. C.,* attorneys), for appellant.

*Morris Honig* for respondent.

## OPINION OF THE COURT

LANE, J.

Triangle Communications, Inc. (Triangle) is the publisher of *Seventeen* magazine. The publication addresses a female teen-age audience. Included among its articles is a feature known as the "make-over" section. In it, teen-agers who are not professional models are given makeup, clothing, and hairstyling. "Before-and-after" pictures are taken. The article discussing the make-over contains these pictures, and includes a discussion of the brand names of products used to effectuate the change. Each of the teen-age participants in the feature is paid for posing, and they and their parents normally sign releases.

The infant plaintiff participated in one such feature article. Through inadvertence, plaintiff did not sign a release. Plaintiff's father gave her permission to participate in the make-over feature.

This lawsuit was brought claiming a violation of the New York State Civil Rights Law. After joinder of issue, Triangle moved for summary judgment in its favor. Special Term denied the motion, holding that it could not be determined as a matter of law whether the publication involved constituted proper editorial material or whether it was an advertisement actionable under sections 50 and 51 of the Civil Rights Law. We would reverse and grant summary judgment to the defendant publisher.

Section 50 of the Civil Rights Law prohibits the use of a name, portrait or picture of a living person "for advertising purposes, or for the purposes of trade" without written consent. Section 51 of the Civil Rights Law provides for a remedy of injunctive relief and damages for violation of section 50.

*Seventeen* magazine, addressing a teen-age female audience, offered grooming and makeup tips as newsworthy to them. The article in which the infant plaintiff's picture appeared fairly portrayed her in this newsworthy event *(Namath v Sports Illustrated,* 48 AD2d 487, affd without opn 39 NY2d

897; cf. *Bass v Straight Arrow Publishers,* 59 AD2d 684). To the extent that the brand names of products used were mentioned in the article attendant upon plaintiff's picture, they were incidental to both that article and the picture. The mention of the brand names, under those circumstances, cannot constitute a violation of the statute (cf. *Flores v Mosler Safe Co.,* 7 NY2d 276; *Booth v Curtis Pub. Co.,* 15 AD2d 343, affd without opn 11 NY2d 907).

Plaintiff relies primarily on the circumstance that the same issue of the magazine contained an advertisement by a concern one of whose products was mentioned in the article. However, the evidence was uncontradicted that the article was prepared wholly without regard to advertising, and that brand names are customarily described as a service expected by readers. We see nothing in this to support the conclusion that the article involved the use of the plaintiff's picture and name "for advertising purposes, or for purposes of trade" (see *Pagan v New York Herald Tribune,* 32 AD2d 341, 342-343, affd 26 NY2d 941).

In view of the lack of any genuine material questions of fact to be resolved at a trial, summary disposition of this case as a matter of law is appropriate *(Andre v Pomeroy,* 35 NY2d 361, 364).

Accordingly, the order of the Supreme Court, Bronx County (McCooe, J.), entered March 31, 1978, denying defendant's motion for summary judgment, should be reversed, on the law, and the motion granted, without costs or disbursements.

Murphy, P. J., Sandler, Silverman and Ross, JJ., concur.

Order, Supreme Court, Bronx County, entered on March 31, 1978, reversed, on the law, and vacated, the motion granted and the complaint dismissed, without costs and without disbursements.