**INTERNATIONAL BANK, Plaintiff,**

v.

**PRICE WATERHOUSE & CO., Defendant,**

**and**

**Price Waterhouse & Co., Chartered Accountants, Intervenor-Defendant.**

**No. 77 Civ. 5288.**

United States District Court, S. D. New York.

Jan. 23, 1980.

---

Satterlee & Stephens, New York City, for plaintiff; Henry J. Formon, Jr., George L. Mahoney, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant; John R. Hupper, Thomas J. Sweeney, III, Clinton W. Walker, New York City, James F. Gleason, Jr., Hertzog, Calamari & Gleason, New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for intervenor-defendant; James E. Tolan, Erica B. Baird, New York City, of counsel.

LASKER, District Judge.

International Bank (IB) initiated this action against Price Waterhouse & Co., an American accounting firm (PWUS), alleging that PWUS furnished it false financial information in connection with IB's purchase of a majority interest in a Bahamian bank. A Bahamian accounting partnership, Price Waterhouse & Co., Chartered Accountants (PWB) subsequently intervened as a defendant, claiming that it and not PWUS prepared the audits in question.

IB moves for leave to file an amended and supplemental complaint which names three defendants, PWUS, PWB, and Price Waterhouse International (PWI) a partnership comprised of members of Price Waterhouse firms world-wide, and changes some of the factual allegations made in the original complaint. PWUS and PWI cross move for a severance and stay of those counts in the proposed amended complaint against them in the event the motion to amend is granted.

I. *Motion for Leave to File an Amended and Supplemental Complaint*

Opposition to the motion for leave to file an amended and supplemental complaint stems from two sources. First, PWI opposes the motion insofar as the proposed complaint adds it as a defendant.

█ PWI argues that it had no responsibility for the audits in question and therefore should not have to defend this lawsuit. However, this contention merely puts in issue the claim in the proposed complaint that PWI is derivatively liable for the alleged wrongs committed by PWB under various theories of liability. Thus, it may constitute a defense to the complaint whose merit may be determined after trial. However, the claim that PWI is not responsible for the audits conducted by PWB does not establish grounds for denying IB the opportunity to allege the contrary and to secure a determination of that question.

Second, PWB claims that IB knew the facts underlying the new allegations in the proposed amended complaint two years prior to the time the motion was made, and that the failure to include them in the original complaint has not been explained or justified.

█ Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." While delay in amending the pleadings is a factor to be considered in determining whether leave should be given, delay alone is an insufficient ground to deny the motion without a showing of prejudice to the opposing party. 3 Moore's Federal Practice ¶ 15.08[4], at 15–102 (2d ed. 1979).

Here, the only prejudice delay has caused to PWB's position is the necessity for PWB to redo some of the work already done in defending this action based on the original complaint. Specifically, PWB contends that if the amendment were allowed, it would have to redraft the answers to the complaint and interrogatories, and the request to the Bahamian government to waive its bank secrecy laws.

However, it is difficult to imagine an amendment to pleadings under Rule 15(a) that would not create some increased work

to the opposing party. Nevertheless, such amendments are to be allowed "freely." The prejudice PWB claims was caused to it by the delay in making these new allegations appears to be minimal when compared to that which would be caused to IB if IB were denied the opportunity to present completely its claims against these defendants arising out of this transaction.

█ Accordingly, the motion for leave to file an amended and supplemental complaint is granted.

## II.  Motion for a Severance and Stay

PWUS and PWI move for a severance and stay of Counts IV through X of the proposed amended complaint on the grounds that those counts are based on theories of secondary liability on the part of PWUS and PWI for the alleged wrongs committed by PWB. PWUS and PWI argue that trial on the issues raised by those claims may be unnecessary since they will be reached only if IB prevails against PWB and PWB fails to satisfy the resulting judgment.

IB apparently concedes that Counts V through IX depend upon theories of derivative liability, but argues that Counts IV and X do not. Count IV alleges that PWUS and PWI are liable because they are controlling shareholders under section 20(a) of the Securities Exchange Act of 1934. However, since liability under that section is derivative only, *Gordon v. Burr*, 506 F.2d 1080, 1085 (2d Cir. 1974), Count IV cannot be distinguished from the counts that proceed on theories of derivative liability.[1] Similarly, Count X, which alleges that PWB is an instrument of PWUS and PWI and that the separate partnership structures should be disregarded, requires a finding that PWB is liable before IB may prevail against PWUS or PWI. Since Counts IV and X seek recovery from PWUS and PWI "for the violations by PWB" of securities

---

1. IB argues that section 20(a) liability is not derivative because active misconduct on the part of the controlling shareholders may be required under *Rolf v. Blyth, Eastman Dillon & Co.*, 570 F.2d 38, 48 (2d Cir. 1978). However, PWUS and PWI, even if liable only if they actively participated in the alleged wrongs, cannot be held liable without a finding that PWB committed the wrongs alleged.

laws and for "the tortious conduct and statutory violations of PWB" (Proposed Complaint ¶¶ 61, 73), Counts IV and X allege derivative liability. Therefore, trial of the issues raised by those counts, as well as Counts V through IX, will be unnecessary unless IB prevails against PWB and PWB fails to satisfy the resulting judgment.

IB next argues that proof on issues raised by the first three counts of the proposed complaint will overlap with the proof on issues raised by Counts IV through X, so that severance of the latter counts would waste the resources of the court and the parties. Specifically, IB contends first, that proof on the question whether IB reasonably relied on the information provided by PWB, which IB argues is raised by the first three counts and the defenses to those counts, will overlap proof on its claim that PWB was held out to be an agent or partner of PWUS and PWI, or part of their organizations, and second, that proof on the question of the accuracy of PWB's audits raised by the first three counts will overlap proof on the question of PWI's "quality control" over PWB raised by the last seven counts.

■ Putting aside whether this is likely to occur, the overlap anticipated by IB appears to be minor when compared to the scope of proof which would be required to establish the secondary liability of PWUS and PWI, proof which may be avoided altogether by the severance. Since PWUS and PWI represent that they will be bound by the determinations of fact at the trial of the first three counts,[2] should IB prevail against PWB and should PWB fail to satisfy the resulting judgment, the trial of the last seven counts would be limited to the question whether PWUS and PWI are liable for the wrongs committed by PWB. Given the possibility of avoiding trial of the issues of secondary liability if IB does not

prevail against PWB, and the possibility of minor overlap of proof in a trial limited to the issues of secondary liability if IB prevails against PWB, the severance and the stay appear likely to further the interests of judicial economy.

Accordingly, the motion for leave to file an amended and supplemental complaint is granted, and the motion for a severance and a stay of Counts IV through X of the proposed complaint is granted subject to the filing of a stipulation by PWUS and PWI that they will be bound by the relevant determinations of fact at the trial of Counts I through III.

Submit order on notice.

---

2. IB argues that the determination of issues "concerning the existence of securities, the dates of securities transactions" and the statute of limitations are common to Counts I through III and Counts IV through X. While this may be true, it does not constitute a reason for denying the severance in light of the representations by PWUS and PWI that they will be bound by the determination of facts relating to the first three counts. A determination during trial of the first three counts that the transactions constituted securities transactions, for example, would be binding on PWUS and PWI during trial of the last seven counts.