Jackie Collins LERMAN, Plaintiff,

v.

CHUCKLEBERRY PUBLISHING, INC.,
and Publishers Distributing Corp.,
Defendants.

Jackie Collins LERMAN, Plaintiff,

v.

FLYNT DISTRIBUTING CO.,
INC., Defendant.

Nos. 80 Civ. 1658 (HFW), 81 Civ.
2281 (HFW).

United States District Court,
S. D. New York.

June 3, 1982.

Grutman, Schafrann & Miller, New York City, for plaintiff; Jeffrey H. Daichman, New York City, of counsel.

Zane & Teitler, New York City, for Flynt; Edward S. Rudofsky, Frederick A. Polatsek, New York City, of counsel.

## MEMORANDUM DECISION

WERKER, District Judge.

These two actions are before the court on (1) plaintiff's motions to amend the complaint in *Lerman v. Chuckleberry*, No. 80 Civ. 1658 to add Flynt Distributing Company ("Flynt") as a party defendant; (2) plaintiff's motion to consolidate the two actions; and (3) plaintiff's and Flynt's cross-motions for partial summary judgment in *Lerman v. Flynt Distributing Co.*, No. 81 Civ. 2281.

## BACKGROUND

The first of these two actions, *Lerman v. Chuckleberry Publishing Inc.*, No. 80 Civ. 1658 (the "Chuckleberry action") was commenced by plaintiff in March, 1980, against Chuckleberry Publishing Inc. ("Chuckleberry") and Publishers Distributing Co. ("PDC"), for libel, violation of the right of publicity and invasion of privacy arising from the publication of the May 1980 issue

of "Adelina" magazine. That action has been the subject of two prior opinions and reader familiarity with them is assumed.[1]

The second action was commenced by plaintiff in April, 1981, against Flynt to recover damages for libel, violation of the right of publicity and invasion of privacy. The action arises from Flynt's alleged role in distributing the June 1980 and January 1981 issues of "Adelina" which, as part of an advertisement for the sale of "Adelina", contained reprints of the allegedly libelous cover of the May, 1980, issue of "Adelina".

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Plaintiff has moved in the *Chuckleberry* action to amend the complaint to assert causes of action against Flynt for libel, invasion of privacy under sections 50 and 51 of the N. Y. Civil Rights Law, and violation of the right of publicity based upon Flynt's alleged participation in the distribution of the May 1980 issue of "Adelina". For the reasons that follow, this motion is granted.

Plaintiff asserts that she commenced this action against Chuckleberry and PDC on the basis of the Table of Contents of "Adelina" which states that "Adelina" was published by Chuckleberry and distributed by PDC. She further asserts that it was not until she received Flynt's response to interrogatories in September 1981, in the *Flynt* action that she became aware of Flynt's role in the distribution of the May 1980 issue of "Adelina". *See* Exhibit D to affid. of Jeffrey Daichman, sworn to December 24, 1981.

Flynt has opposed the motion to amend on the ground that plaintiff should not be permitted to avoid the one year statute of limitations on her claims arising from publication of the May 1980 issue of "Adelina" by amending the complaint in the *Chuckleberry* action and relying on the relation-back provision of Rule 15(c).

Flynt further argues that the motion to amend should be denied because (1) the amendment is unsupported factually; (2) it is a tactical effort to circumvent the possible denial of plaintiff's motion to consolidate; and (3) amendment at this juncture would be prejudicial to Flynt.

■ Flynt's argument that the proposed amendment is unsupported factually is unpersuasive. Unless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend. *Nyscoseal, Inc. v. Parke, Davis & Co.*, 28 F.R.D. 24, 25 (S.D.N.Y.1961). Plaintiff's claims here are not frivolous. They are based on an admission contained in Flynt's answers to interrogatories. In light of that admission, the affidavit of Gerald Awang, sworn to January 28, 1981, merely raises questions of fact and credibility to be determined on the merits and not at this stage of the litigation.

Flynt's contentions with respect to consolidation also are without merit. The court's analysis must rest on the relative merits of the parties' contentions with an eye to judicious resolution of their claims rather than on an evaluation of the tactical maneuverings of their attorneys.

■ Similarly, Flynt's allegation of prejudice from amendment at this point in the proceedings is unavailing. The fact that the amendment may add another issue to the case and require further pre-trial proceedings is an insufficient basis to deny amendment under the circumstances presented by this case. In the absence of specific and compelling allegations of prejudice, such as some undue disadvantage in the presentation of a defense to the claims sought to be asserted, leave to amend should be granted. *See Iodice v. Calabrese*, 345 F.Supp. 248, 259 (S.D.N.Y.1972), *aff'd in part, rev'd in part on other grounds*, 512 F.2d 383 (2d Cir. 1975).

■ Flynt's contention with respect to the statute of limitations also is unavailing. If plaintiff had never commenced the subsequent action against Flynt for the June,

---

1. *See Lerman v. Chuckleberry Publishing, Inc.*, 521 F.Supp. 228 (S.D.N.Y.1981) and *Lerman v. Chuckleberry Publishing, Inc.*, 496 F.Supp. 1105 (S.D.N.Y.1980).

1980, and January, 1981, issues of "Adelina" there would be little doubt that plaintiff could now move to amend her original complaint to add Flynt as a party defendant in the *Chuckleberry* action and rely on the relation-back doctrine. Simply because she has commenced a separate action against Flynt should not preclude her from benefiting from the liberal relation-back provisions of Rule 15(c).

Fed.R.Civ.P. 15(a) provides that leave of court to amend a complaint shall be freely given when justice so requires. Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

It is beyond dispute that the amendment here arises from the occurrence set forth in the original pleading. Flynt also received notice of the institution of the action against Chuckleberry within the one year statute of limitations. *See* Exhibit E to affid. of Jeffrey Daichman, sworn to December 24, 1981. Finally, it is apparent that Flynt knew or should have known that, but for plaintiff's misapprehension of the proper party based on the information contained in the Table of Contents of the May 1980 issue of "Adelina", that the action would have been commenced against Flynt.

## CONSOLIDATION

■ Plaintiff moves to consolidate this action with a prior action commenced against Chuckleberry Publishers, Inc. and Publishers Distributing Corporation ("PDC") for libel, violation of the right of publicity and invasion of privacy arising from the publication of the May 1980, June 1980 and January 1981 issues of Adelina. PDC has not opposed the motion to consolidate. Flynt, however, has opposed consolidation on the grounds that consolidation at this stage of the litigation will unfairly prejudice Flynt, particularly because different factual and legal questions are presented by the two complaints. For the reasons that follow, the motion is granted.

Fed.R.Civ.P. 42(a) provides that "when actions involving a common question of law or fact are pending, ... the court ... may order ... the actions consolidated ...." "Consolidation may be denied where no common question of law or fact is involved, where the rights of the parties would not be adequately protected, where in a jury action the jury would be confused, or when consolidation would not effect any appreciable saving of time or expense." 5 *Moore's Federal Practice* § 42.02 at 42–17 (2d ed. 1981).

Flynt's contention that the complaints present different factual and legal issues is meritless. Flynt and PDC both are national distributors of magazines and participated in the distribution of the controversial issues of "Adelina". Thus, it is clear that common questions of law will be presented as to the liability of a magazine distributor for libel, invasion of privacy and violation of the right of publicity. Indeed, Flynt concedes that the jury will be presented with (1) similar legal theories of recovery against Flynt and PDC; (2) similar testimony from both PDC and Flynt as to their duties and responsibilities as distributors not involved in the publication of the magazines and (3) similar testimony form both PDC and Flynt as to the workings and nature of the national magazine industry. Flynt's Memo in Opposition to Consolidation at 5. *See Lloyd v. Industrial Bio-test Laboratories, Inc.*, 454 F.Supp. 807, 812 (S.D.N.Y.1978).

One of the primary factual disputes presented by this litigation is which distributor is liable for the distribution of the various issues since Flynt's purchase of PDC's assets on March 17, 1980 was followed by a transitional period during which both Flynt and PDC apparently participated in the distribution of "Adelina". It is clear that the issue of which of the two distributors was responsible for the distribution of the May and June 1980 issues is one that should be resolved in one lawsuit to avoid the possibility of inconsistent jury decisions.

Flynt's arguments concerning prejudice arising from possible jury confusion and "guilt by association with PDC" are unavailing. The factual issues presented in this lawsuit are fairly straightforward. It is unlikely that Flynt would be the victim of "guilt by association with PDC." On the other hand, the goal of judicial economy will be served by consolidation in that duplication of testimony concerning the alleged defamation, plaintiff's damages and the responsibilities of magazine distributors will be avoided.

Flynt's final contention that consolidation is premature is without merit. The totality of the record in this case raises a question of fact as to which of the two publishers was responsible for distributing the May and June 1980 issues of "Adelina." To await the outcome of further discovery before ordering consolidation would serve no useful purpose. *See Lloyd v. Industrial Bio-test Laboratories, Inc.*, 454 F.Supp. 807, 812 (S.D.N.Y.1978). Accordingly, the motion to consolidate the two actions is granted.

### SUMMARY JUDGMENT

Flynt has moved for partial summary judgment pursuant to Fed.R.Civ.P. 56 on plaintiff's claims for invasion for privacy under N.Y. Civ. Rights Law §§ 50–51 (McKinney Supp.1981–1982) and the right of publicity arising from the use of plaintiff's name in advertisements in the June 1980 and January 1981 issues of "Adelina". Plaintiff has cross-moved for summary judgment on these claims.

The advertisements appear at page 99 of the 120 page June 1980 issue and page 98 of the 114 page January 1981 issue of "Adelina". They are composed of the reproduction of four covers of back issues of "Adelina" reduced from their original size to 2⅞ths × 3⁹⁄₁₆ths inches, along with a mail order form for prospective subscribers. The cover of the May 1980 issue of "Adelina" containing the words "In the Nude From the Playmen Archives ... Jackie Collins," in type 1⁄16th of an inch high is displayed in the lower left hand corner of both pages.

Flynt contends that the solitary or infrequent use of an individual's name in the context of a total work is exempt from the purview of sections 50 and 51. It also contends that the use of plaintiff's name is protected by the exemption accorded to the incidental advertisement of the news medium.

█ Under New York law, the use of a name or likeness incidental to the dissemination of news or "from 'incidental advertising' of the news medium in which [the plaintiff] was properly and fairly presented" is not violative of the right of publicity or the right of privacy. *Namath v. Sports Illustrated*, 80 Misc.2d 531, 533, 363 N.Y. S.2d 276, 278 (Sup.Ct.N.Y.County), *aff'd*, 48 App.Div.2d 487, 371 N.Y.S.2d 10 (1st Dep't 1975), *aff'd* 39 N.Y.2d 897, 352 N.E.2d 584, 386 N.Y.S.2d 397 (1976). As stated in *Booth v. Curtis Publishing, Co.*, 15 App. Div.2d 343, 350, 223 N.Y.S.2d 737, 744 (1st Dep't), *aff'd*, 11 N.Y.2d 907, 182 N.E.2d 812, 228 N.Y.S.2d 468 (1962):

> so long as the reproduction was used to illustrate the quality and content of the periodical in which it originally appeared, the statute was not violated albeit the reproduction appeared ... for purposes of advertising the periodical.

The requirement of proper portrayal in the first instance has been repeatedly specified in the case law. For example, in *Sidis v. F. R. Publishing Corp.*, 113 F.2d 806, 810 (2d Cir.), *cert. denied*, 311 U.S. 711, 61 S.Ct. 393, 85 L.Ed. 462 (1940), the court stated:

the newspaper advertisement announcing the August 14 article . . . was undoubtedly inserted in the World-Telegram 'for advertising purposes.' But since it was to advertise the article on Sidis, and the article itself was unobjectionable, the advertisement shares the privilege enjoyed by the article.

See *Friedan v. Friedan*, 414 F.Supp. 77, 79 (S.D.N.Y.1977).

■ The advertisements at issue in this case would appear to fit squarely within the exception for advertising incidental to the news medium except that plaintiff was not properly and fairly presented in the May 1980 issue of "Adelina." In this case, it is clear that the May 1980 issue of "Adelina" incorrectly identified the plaintiff as one of the starlets appearing in the "Archives" section of the magazine and incorrectly attributed authorship of the novel *The World is Full of Married Men* to the late Jacqueline Susann, rather than plaintiff. *See Lerman v. Chuckleberry Publishing, Inc.*, 496 F.Supp. 1105, 1107 (S.D.N.Y.1980). Thus, Flynt may not rely on the defense of use incidental to advertisement of the news medium.

■ The next basis upon which Flynt seeks summary judgment is that the advertisements contained in the June 1980 and January 1981 issues of "Adelina" are protected under the doctrine of incidental use. Under that doctrine, the "incidental, momentary, and isolated use" of an individual's name when "viewed in the context of the main purpose and subject" of the work as a whole is not actionable under §§ 50 and 51 of the Civil Rights Law. *Ladany v. William Morrow and Co.*, 465 F.Supp. 870, 880–82 (S.D.N.Y.1978). This doctrine has been applied to preclude recovery to individuals mentioned or portrayed incidentally in novels or motion pictures even if the use is unauthorized or fictionalized. *See id.* Thus, in *Meeropol v. Nizer*, 381 F.Supp. 29, 38 (S.D.N.Y.1974), *aff'd on other grounds*, 560 F.2d 1061 (2d Cir. 1977), *cert. denied*, 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 756 (1978), the court found:

Plaintiffs are not entitled to recover for an invasion of privacy because references to them as the Rosenberg children are highly incidental to the main purpose and subject of the book. Twenty-nine isolated references of a fleeting and peripheral nature are insufficient to support a claim under § 51.

Flynt contends that the various sections of a magazine are analogous to the subplots and digressions found in films, novels and plays and that the advertisement therefore is incidental to the magazine as a whole. It further contends that the size of plaintiff's name as it appears in the advertisements coupled with the obscure position of the name in the lower left hand corner of the pages clearly establishes its incidental relationship to the subscription solicitation as a whole.

Neither of these contentions is persuasive. A magazine as a whole cannot be analogized to works such as novels or films for its many sections lack the integration of a novel, film or play which can only be understood in the context of the whole. Indeed, it is difficult to analyze a magazine in terms of its main purpose or subject except by analysis of a general theme such as news, literary, pornography, entertainment or sports. Analysis in terms of such a general theme clearly is not what is contemplated by the *Ladany* line of cases.

Flynt's argument that the minute size of the print and the obscure placement of plaintiff's name in the advertisements renders the use incidental to the subscription solicitation as a whole also is frivolous. There can be no doubt that the covers of prior issues of "Adelina" were utilized in the subscription solicitation to demonstrate the content and quality of "Adelina." Each cover included in the advertisement was designed to play a significant role in arousing the interest of the reader in "Adelina" magazine. While reduced in size, the covers were plainly visible and comprised an integral part of the advertisement and the print certainly was legible. Accordingly, the use of the cover of the May 1980 issue of "Adelina" in the subscription solicitation was not incidental to the solicitation as a whole.

For the foregoing reasons, Flynt's motion for summary judgment is denied.

Plaintiff has cross-moved for summary judgment against Flynt on her claims for invasion of privacy and violation of her right of publicity based on the publication of the advertisements in the June 1980 and January 1981 issues of "Adelina". For the reasons that follow, the motion is granted.

As discussed in *Lerman v. Chuckleberry Publishing Inc.*, 496 F.Supp. 1105 (S.D.N.Y. 1980), the elements of a cause of action for invasion of privacy under N.Y.Civ.Rights L. § 51 are (1) that the defendant used plaintiff's name, portrait or picture within the state, (2) for purposes of advertising or trade, and (3) without first obtaining plaintiff's written consent.

■ There is no dispute as to the following material facts. Defendant used plaintiff's name within the state when it distributed copies of the June 1980 and January 1981 issues of "Adelina" throughout the United States, including New York. The purpose of including the cover of the May 1980 issue of "Adelina" which contained plaintiff's name in the subscription solicitation was advertising or the promotion of trade. Plaintiff did not give her oral or written consent to the use of her name. *See Lerman v. Chuckleberry Publishing, Inc.*, 496 F.Supp. at 1108–09. As discussed above, defendant may not rely on the defense of incidental use. Accordingly, there being no issues of material fact in dispute, *see* Lerman and Flynt's Statements pursuant to Civil Rule 3(g), and each element of the cause of action having been established, judgment is granted for plaintiff as a matter of law on her claim for invasion of privacy.

■ This circuit has long interpreted New York law to recognize a common law right of publicity. The elements of a cause of action for violation of an individual's common law right of publicity are: (1) that his name or likeness has publicity value; (2) that he has exploited his name or likeness in a way that evidences his recognition of its extrinsic commercial value; and (3) that

defendant has appropriated this right of publicity, without consent, for advertising purposes or for the purposes of trade. *Lerman v. Chuckleberry Publishing, Inc.*, 521 F.Supp. 228, 232 (S.D.N.Y.1981).

■ Recently, one New York appellate court has opined that the right of publicity is not derived from the common law but "is subsumed in sections 50 and 51 of the Civil Rights Law." *Brinkley v. Casablancas*, 80 App.Div.2d 428, 438 N.Y.S.2d 1004, 1012 (1st Dep't 1981). To establish a claim under §§ 50 and 51 for violation of the right of publicity, three elements must be established: (1) the use of a person's name or photograph; (2) for a commercial purpose; and (3) the failure to procure the person's written consent for such use. *Id.*

■ Under either the common law or the statutory standard, plaintiff is entitled to summary judgment on her claim for violation of the right of publicity. If the standard set forth in *Brinkley* is utilized, plaintiff must prevail for the same reasons she prevailed on her claim for invasion of privacy for the elements of the causes of action are the same.

If the common law standard which has evolved from the case law is employed, plaintiff also is entitled to summary judgment. That plaintiff's name has publicity value and that she has exploited her name in a manner which evinces her recognition of its value was determined as a matter of law in my decision in *Lerman v. Chuckleberry Publishing, Inc.*, 521 F.Supp. 228, 232 (S.D.N.Y.1981). The final element, that defendant used plaintiff's name, without consent, for purposes of trade or advertising was determined in the discussion, *supra*, of plaintiff's motion for summary judgment on her claim for violation of her right of privacy. Thus, plaintiff has established that she is entitled to judgment as a matter of law under either the common law or statutory approach to the right of publicity.

## CONCLUSION

In accordance with the above, in *Lerman v. Flynt Distributing Co.*, No. 81 Civ. 2281,

Flynt's motion for partial summary judgment is denied. Plaintiff's cross-motion for partial summary judgment is granted as to the issue of Flynt's liability on her claims for violation of her rights of privacy and publicity.

In addition, plaintiff's motion to consolidate *Lerman v. Flynt Distributing Co.*, No. 81 Civ. 2281 with *Lerman v. Chuckleberry Publishing, Inc.*, No. 80 Civ. 1658 is granted. Plaintiff's motion to amend her complaint in *Lerman v. Chuckleberry Publishing, Inc.*, No. 80 Civ. 1658 also is granted.

SO ORDERED.