**TRUSTEES OF GRAPHIC COMMUNICATIONS INTERNATIONAL UNION LOCAL 229 HEALTH AND WELFARE FUND, Plaintiff,**

v.

**RAPID COPY, INC., a Minnesota corporation, Defendant.**

**Civ. No. 4–84–1090.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 14, 1985.

---

MEMORANDUM OPINION
AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Trustees of Graphic Communications International Union Local 229 Health and Welfare Fund (Trustees 229), brought this action for damages against defendant, Rapid Copy, Inc. (Rapid Copy), claiming defendant breached an oral contract when it refused to pay the full employer contributions due the Health and Welfare Fund that it had allegedly promised to pay.[1] Trustees 229 alleges violation of the Employee Retirement Income Security Act of 1974 (ERISA) as amended, 29 U.S.C. § 1132(a)(3) and the Labor Management Relations Act of 1974 (LMRA), 29 U.S.C. § 186(c)(5) and seeks reimbursement for the full employer contributions due from June 1983 to July 31, 1984, plus attorney's fees and costs. Jurisdiction is alleged under 29 U.S.C. § 1132(e)(1), 29 U.S.C. § 185(a), and 28 U.S.C. § 1331. This matter is now before the court upon the plaintiff's motion for leave to amend the complaint further and to compel arbitration.

*Background*

This case arises out of agreements made between Trustees 229, Graphic Communications International Union Local 229 (Local 229), Rapid Copy, and Daily Printing, Inc. (Daily Printing). Local 229 is an unincorporated labor association engaged in an industry affecting commerce that represents some of Rapid Copy's employees. Rapid Copy is a Minnesota corporation engaged in commercial printing in Golden Valley, Minnesota. Daily Printing is a Minnesota corporation engaged in commercial printing in Plymouth, Minnesota. Trustees 229 administers a joint union and employer health and welfare fund pursuant to Article 24 of the collective bargaining agreement between Local 229 and Rapid Copy (the agreement). The term of the agree-

Carolyn S. Nestingen, St. Paul, Minn., and Ann M. Spencer, and Samuel D. Heins, Tanick & Heins, Minneapolis, Minn., for plaintiff.

Frederick E. Finch, Fredrikson & Byron, Minneapolis, Minn., for defendant.

---

1. Subsequently, the parties stipulated to amend the complaint with the claims that Rapid Copy misrepresented the amount paid to the Fund and that Rapid Copy was estopped from reneging on its oral promise.

ment between Local 229 and Rapid Copy expired on April 30, 1983.

In October 1984, Trustees 229 filed this complaint to recover the alleged Health and Welfare Fund accrued deficit. Trustees 229 claims Tom Sicora, an officer of defendant Rapid Copy, orally agreed with Bruce Danielson, President of Local 229 and a trustee of the Health and Welfare Fund, to repay the difference between the monthly contributions defendant had paid and the increased amount established by Trustees 229.[2] Such repayment was contingent upon the Fund continuing coverage for Rapid Copy's Local 229 employees during contract negotiations. Rapid Copy denies it orally agreed to pay the increased amount. The events giving rise to plaintiff's motion now before the court are as follows.

On March 27, 1985, Local 229 received notice that Rapid Copy intended to sell its business to Daily Printing, a non-union company.[3] In early April 1985, pursuant to Article 39 of the expired agreement,[4] Local 229 filed a grievance with Rapid Copy and Daily Printing, requesting arbitration over the alleged violation of the contract's successor clause.[5] It asserted that Rapid Copy breached the agreement when it sold its business to Daily Printing without giving effect to the agreement's successor clause. Local 229 maintained that Daily Printing as a successor to Rapid Copy is obligated to submit to arbitration.[6] Rapid Copy and Daily Printing have refused to take part in arbitration of the grievance.

Trustees 229 moved to amend its October 1984 complaint, for an order directing arbitration of its grievance pending against Rapid Copy and Daily Printing, and for a preliminary injunction prohibiting Rapid Copy from any acts in furtherance of the sale, transfer, lease or assignment of defendant to Daily Printing.[7]

*Motion to Amend*

Trustees 229 proposes to add Daily Printing as a defendant and Local 229 and the Graphic Communications Local 1B Health and Welfare Fund A and Fund B (1B Health and Welfare Fund) as plaintiffs. 1B Health and Welfare Fund administers a health and welfare fund for Graphic Communications International Union Local 1B (Local 1B) members employed by Rapid Copy and it claims that defendant also owes 1B Health and Welfare fund amounts due from March 1, 1984 to the present.[8]

Defendant Rapid Copy argues that amendment would be futile. It states that

---

**2.** Pursuant to the collective bargaining agreement between Local 229 and defendant, as of October 1, 1982, Rapid Copy was to contribute $152 per month for each Local 229 employee. The cost of health care coverage increased, and in 1983 Trustees 229 raised Rapid Copy's monthly employee contribution to $200 for June, July, August, and September, and to $250 for the month beginning October 1, 1983. Rapid Copy continued to pay only $152 per month from June 1983 to July 31, 1984. It then increased its monthly contribution to $225 per month beginning August 1984.

**3.** Apparently Local 229 represented Daily Printing's employees at one time, but Local 229 members decertified the union. Chelberg Aff. ¶ 17.

**4.** Article 39 of the agreement requires the parties to submit to binding arbitration "any dispute with reference to the interpretation, application or breach of any of the terms contained in this agreement ..."

**5.** "Article 36—Continuity of Agreement

Section 1. The Employer agrees that all obligations under this contract, and the performance thereof, by the buyer, lessee, transferee or assignee, becomes a condition of sale, transfer, lease or assignment."

**6.** Local 229 states that Daily Printing's business enterprise is an uninterrupted and identical continuation of Rapid Copy. Affiant stated on April 9, 1985, that the wages, fringe benefits, working conditions, employees, jobs and equipment have remained the same since the sale. King Aff. ¶ 4.

**7.** At the hearing Trustees 229 withdrew its motion for a preliminary injunction because the sale was completed. Rapid Copy is now wholly owned and operated as a subsidiary of Daily Printing. During the hearing, the court granted the parties leave to submit additional briefs.

**8.** The proposed amended complaint states Rapid Copy and Local 1B are parties to a collective bargaining agreement. Apparently that contract term also expired April 30, 1983. Chelberg Aff., Ex. A, Schedule 6.

the agreement with Local 229 is not in force so it and Daily Printing have no duty to arbitrate the successorship issue. It denies that Sicora agreed to extend non-economic provisions of the expired agreement; it only agreed to extend the contract's wage rates, work rules, and fringe benefits pending the negotiation of a new agreement. Rapid Copy further claims that Local 229 cancelled the contract when it unequivocally stated in Danielson's letter of August 24, 1984, "there is no contract." [9] It also points out that Local 229 denied Rapid Copy the right to use the Union label under Article 31 [10] of the expired agreement.

Rapid Copy additionally argues that only the National Labor Relations Board (NLRB) has jurisdiction to consider claims based on a contract that is not in force. Rapid Copy states that when an agreement has expired the parties are obligated under 29 U.S.C. § 158(a)(5) to maintain the status quo pending a new contract. Rapid Copy alleges that any unilateral change in the terms of employment is a possible unfair labor practice over which the NLRB has exclusive jurisdiction. It claims that the cases cited by plaintiff in support of jurisdiction in this court are distinguishable: either the disputes were over rights that had accrued and vested to employees during the term of the contract or the disputed contract had not expired. Defendant maintains the contract language in this case expired with the contract.

Trustees 229 maintains that the court has jurisdiction to compel arbitration, that amendment is not futile, and that the agreement that expired on April 30, 1983 remains in full force and effect. Bruce Danielson, Local 229's president, states that not only did he and Sicora orally agree to extend the contract, but that practice has bound the parties to all of the agreement's terms. Trustees 229 asserts that

even if the agreement were not still in effect, the court has jurisdiction. It cites authorities where parties were compelled to comply with an arbitration contract clause after the contract had expired. Plaintiff relies in particular on *Nolde Brothers, Inc. v. Local 358*, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), where the union cancelled the contract and the employer then closed the business. The union sought to arbitrate whether the employees were entitled to severance pay under the cancelled agreement; the employer refused. The Court ordered arbitration for the severance pay dispute because it arose under the collective bargaining agreement and the parties had not expressly negated the presumption favoring arbitration. Plaintiff maintains that the arbitration clause here has also survived the contract's expiration and is consistent with federal labor policy favoring arbitration to resolve disputes over a contract's meaning and effect.

Trustees 229 argues the court has jurisdiction to compel arbitration even if there is a possible unfair labor practice in allegedly changing the status quo. It agrees the NLRB has jurisdiction to require an employer during contract negotiations to maintain the status quo after a contract has expired. It says, however, that it is not asking the court to compel defendant and Daily Printing to maintain the status quo. Rather, it only asks the court to order Rapid Copy and Daily Printing to comply with the contract's arbitration clause. It relies on a recent Ninth Circuit case that held a district court has concurrent jurisdiction with the NLRB when a labor dispute involves both a breach of an expired contract and an unfair labor practice charge. *Hotel Employees Local 703 v. Williams*, 752 F.2d 1476 (9th Cir.1985). Plaintiff also notes an opinion in this district holding the NLRB did not have exclusive jurisdiction over a contract dispute arising out of successorship clauses.

---

**9.** Local 229 states the comment refers to the parties' failure to reach an agreement on a new contract during negotiations and has no bearing on the continued validity of the former contract.

**10.** "Article 31—Identification of Work

Section 1. The Union Label is the exclusive property of the GAIU upon execution of, and compliance with, the standard Union Label License Agreement."

206

Graphic Arts Int'l Union Local 1B, Twin Cities, & Twin Cities Local 229, Graphic Arts Int'l Union v. Martin Podany Associates, Inc. & Printing Unlimited, Inc., 531 F.Supp. 169 (Minn.1982).

■ The court concludes that amendment is not futile. This court has jurisdiction independent of the NLRB and can decide whether to compel arbitration even though the particular action may constitute an unfair labor practice, so long as the action may also constitute a breach of the collective bargaining agreement. *Local Union 204, Intern. Brotherhood of Electrical Workers v. Iowa Electric Light & Power Co.*, 668 F.2d 413, 416 (8th Cir.1982); *Laborers Health & Welfare Fund v. Hess*, 594 F.Supp. 273, 117 LRRM 2816 (N.D.Cal. 1984). *See also, Carpenters & Joiners v. Peter Dukinfield Co.*, 323 N.W.2d 45, 48 (Minn.1982) (a representational issue is not raised merely because one party denies the contract's existence).

Local 229 alleges defendant orally agreed to extend the agreement, and defendant denies the allegation. This primary dispute is thus contractual and is the basis for this court's jurisdiction. When amendment is not futile and the court is persuaded that no undue prejudice will accrue, amendment will be allowed. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Bruno Wine & Spirits, Inc. v. Guimarra Vineyards*, 573 F.Supp. 337 (D.C.Wis.1983); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), *cert. dismissed*, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980).

■ Rapid Copy maintains that additional claims would result in undue prejudice. Discovery should be complete, and it claims new parties would frustrate the speedy and efficient resolution of the original case.[11] Defendant argues that the claims do not raise common questions of fact or law common to all parties and that there is no common transaction or occurrence between the two actions. It maintains the two claims are unrelated because the first complaint alleges breach of an oral contract while the proposed amended complaint claims the agreement was extended.

Trustees 229, however, argues that leave to amend should be freely given in order to protect the employees' rights. It points out that Daily Printing could not have been named earlier since Local 229 did not know of the planned sale until the end of March. It claims a single proceeding to resolve the issues would be a more efficient and economical use of judicial resources. In addition, Trustees 229 maintains that the requirements of Fed.R.Civ.P. 20(a) [12] are met by joining the two plaintiffs and one defendant because the claims share common questions of law and arise out of the same transaction—the sale of Rapid Copy to Daily Printing. It states that the common questions of law are whether Daily Printing must arbitrate the successorship issue.

Fed.R.Civ.P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Even though addition of plaintiffs 1B Health and Welfare Fund and Local 229 and claims regarding a second accrued deficit and the contract's extension would add issues and may require further pretrial proceedings, these are insufficient bases to deny the amendment. *See, e.g., Intern. Bank v. Price Waterhouse & Co.*, 85 F.R.D. 140, 142 (S.D. N.Y.1980). Defendant's allegations of prejudice must be specific and compelling to deny amendment. *Lerman v. Chuckleberry Pub., Inc.*, 544 F.Supp. 966, 968 (S.D.N. Y.1982). *See also, Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 939 (3d Cir.1984). The function of Rule 15(a) "is to enable a

**11.** On March 26, 1985, Magistrate Floyd E. Boline ordered that discovery was to be completed by June 3, 1985.

**12.** Rule 20(a) provides:
All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.... A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.

party to assert matters ... that were unknown to him at the time he interposed his original complaint or answer." C. Wright & A. Miller, *Federal Practice & Procedure*, § 1473, at 375 (1972). *See also, Johnson v. Sales Consultants, Inc.,* 61 F.R.D. 369 (N.D.Ill.1973). Plaintiff timely filed the motion to amend after Local 229 received notice of the intended sale. Amendment would not prejudice defendants because they knew from the outset of the sale of the events giving rise to the claims for the alleged accrued health care fund deficits and the successor clause dispute. *See Davis v. Piper Aircraft Corp.,* 615 F.2d at 613.

One of the basic policies of the federal rules is that pleadings are to enable a case to be decided on the merits, and are not an end in themselves. C. Wright & A. Miller, *Federal Practice & Procedure*, § 1473, at 376 (1972). The court will only look to the merits of a new claim if the claim is clearly frivolous or legally insufficient on its face. *Alloy Cast Steel Co. v. United Steel Workers of America,* 70 F.R.D. 687 (N.D.Ohio 1976); *Nyscoseal, Inc. v. Parke, Davis & Co.,* 28 F.R.D. 24, 25 (S.D.N.Y.1961).

*Motion to Compel Arbitration*

■ Local 229 moves to compel arbitration of its April grievance against Rapid Copy and Daily Printing regarding their alleged violation of the successorship clause of the agreement. Courts are not to weigh the merits of the grievance when asked to determine its arbitrability. *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960). In cases concerning alleged post-contract termination arbitration, resolution of the arbitrability issue must not be confused with resolution of the merits. The arbitrator is the proper party to look to the merits of a claim. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Hovey,* 726 F.2d 1286 (8th Cir.1984). The arbitrator can also make a threshold determination whether the parties agreed to extend an agreement. *See Maas v. Dubuque Packing Co.,* 754 F.2d 287 (8th Cir.1985); *Prima Paint Corp. v. Flood & Conklin*

*Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

Basic national labor policy is to promote industrial peace between parties who have a continuing relationship. 29 U.S.C. § 151 (1970). Congress provided that the court shall determine whether a party has breached its promise to arbitrate. *United Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). The intent of Congress was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible...." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983). The presumption of arbitrability is generally applicable to any disputes between a union and an employer, *Schneider Moving & Storage Co. v. Robbins,* 466 U.S. 364, 104 S.Ct. 1844, 1849 n. 14, 80 L.Ed.2d 366 (1984) *aff'g.,* 700 F.2d 433 (8th Cir.1983), and that presumption "fully accords with the probable intent of the parties." *Id.*

The presumption of arbitrability is more solidly established since *Nolde Bros., Inc. v. Bakery Workers,* 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). Termination of a collective bargaining agreement does not automatically extinguish a party's duty to arbitrate grievances arising under the contract. *Id.* If the dispute is over an obligation arguably created by the expired agreement, the parties' obligation under their arbitration clause survives the contract's termination. *Id.* at 252, 97 S.Ct. at 1072. In the present case, violation of the successorship clause could be an obligation arguably created by the expired agreement, if indeed the agreement is still not in force.

*Nolde* places upon the party resisting arbitration the burden of showing it expressly meant to exclude arbitration in particular disputes after the contract term has expired.

[T]he parties' failure to exclude from arbitrability contract disputes arising after termination, far from manifesting an intent to have arbitration obligations cease

with the agreement, affords a basis for concluding that they intended to arbitrate all grievances arising out of the contractual relationship. In short, where the dispute is over a provision of the expired agreement, the presumption favoring arbitrability must be negated expressly or by clear implication.

*Id.* at 255, 97 S.Ct. at 1074. *See also, Garland Coal & Mining Co. v. United Mine Workers,* 596 F.Supp. 747, 752 (W.D. Ark.1984).

Before this action commenced, Rapid Copy and Local 229 had not expressly negated their intention to arbitrate grievances arising out of their contractual relationship. The court, therefore, must compel arbitration.

### ORDER

Accordingly, based on the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Plaintiff's motion to amend the complaint is granted. Local 229 and 1B Health and Welfare Fund are added as plaintiffs with their claims and Daily Printing is added as a defendant.

2. Plaintiff's motion to compel Rapid Copy and Daily Printing to arbitrate the April grievance regarding the alleged violation of the successor clause is granted.

3. Plaintiff's motion for a preliminary injunction is dismissed as moot.