Per Curiam.

Acting pursuant to the mandate of section 104 of the Election Law, the Secretary of State listed political parties on the ballot in accordance with the number of votes cast in the last gubernatorial election (Election Law, § 105). Accordingly, Republican candidates were positioned in the order of their certification to the Secretary of State and the candidates of the other parties were listed in such a way as to guarantee that no name was placed in a different column. We are not persuaded that this manner of selection was either arbitrary or unreasonable. The respondents rely upon section 104 (subd. 1) of the Election Law, which provides that where two or more candidates are nominated by one party for an office to which two or more persons are to be elected, a candidate may request that ballot position be determined by lot.
It is unnecessary to decide whether a multiple nomination destroys a right to a drawing in every situation. It is enough to hold that this right is impaired whenever its exercise might work a displacement on the ballot prejudicial to the candidates of other parties or would otherwise effect a violation of section 248 of the Election Law or any other provision thereof.
The views expressed by Special Term and by the dissenter in the Appellate Division would result in moving whole columns on the ballot and thus prejudice the personal rights of candidates of other parties whose ballot position was fixed when no Republican, Conservative or Liberal candidate had demanded a drawing. If petitioner drew a position in the first column he could not deprive Gabrielli of his position and would be precluded from taking it. A similar problem would exist if petitioner drew a ppsition in the second column since he could not displace Jones. *248 These difficulties are not obviated by the use of a fourth column since section 248 (subd. 1) of the Election Law limits the number of columns or rows to the number of candidates to be elected. Additionally, inherent limitations on the voting machines as well as the prospect of malfunction require that the name of a particular candidate always appear in the same column. Consequently, since petitioner could not take position 1 or 2, either because he would displace others or the result would be that his name would then appear in different columns, we conclude that the law does not contemplate a futile drawing and that the Secretary properly denied his request. ■ Moreover, since petitioned acquiesced in having his name, as a Conservative candidate, placed in the third column, the Secretary of State was justified in keeping his name, as a Democratic nominee, in the same column.
Accordingly, the order appealed from should be affirmed.