## (October 22, 1975)

In the Matter of NORMAN E. JOSLIN, Appellant, v REMO ACITO et al., Constituting the State Board of Elections, Respondents, and JOSEPH J. SEDITA et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 20, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to section 330 of the Election Law, seeking to compel the State Board of Elections to revise its proposed ballot display for the two positions of Supreme Court Justice in the Eighth Judicial District so as to provide each of the four candidates for these positions with a separate column on the voting machine display. In preparing the ballot for the two positions of Justice of the Supreme Court in the Eighth Judicial District to be filled at the November 4 general election, the State Board of Elections found that, as a result of a mechanical shortcoming in the voting machines in use in that district, it could not comply with the two-column requirement mandated by subdivision 1 of section 248 of the Election Law and also place the names of the four candidates upon the voting machine in such a fashion as to preclude duplicate voting for any of the candidates. Accordingly, the State board devised a ballot display containing three columns, the first of which was occupied by petitioner and one Kane, an opposing candidate, and the others of which were each occupied by only one candidate. Petitioner challenges this ballot arrangement contending that it is unfair, arbitrary and discriminatory. There is no proof, however, that the ballot display devised by the respondent State board is unfair, arbitrary or discriminatory. Indeed, the respondent State board's ballot arrangement complied as closely as possible with the requirements of section 104 and subdivision 1 of section 248 of the Election Law. Furthermore, this method of arrangement has been judicially approved (see *Matter of Cooke v Lomenzo,* 31 NY2d 244). Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.