## (October 18, 1978)

■    In the Matter of JOSEPH D. MINTZ, Appellant, v MARIO M. CUOMO, as Secretary of State of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Trial Term, entered October 11, 1978 in Albany County which denied petitioner's application, in a proceeding pursuant to section 16-104 of the Election Law, seeking to compel the State Board of Elections to place petitioner in Column 1 of the row of the Republican Party for the office of Justice of the Supreme Court in the Eighth Judicial District. At their respective judicial nominating conventions, the Democratic, Republican, Conservative and Liberal Parties nominated a total of 10 candidates for the five vacancies in the office of Justice of the Supreme Court for the Eighth Judicial District. Pursuant to the procedure provided for in subdivision 1 of section 7-116 of the Election Law, the State Board of Elections (board) assigned Row A to the Democratic Party and Rows B, C and D to the Republican, Conservative and Liberal Parties, respectively. Following traditional policy, the board positioned candidates in Row A in their order of certification by the Democratic nominating convention, and the candidates of the other parties were also listed in their respective rows in the order of their certification, except to the extent that voting machine limitations required a departure from such order. Accordingly, the initial ballot would have appeared as follows:

| Row A | (Democratic) | Roberts | Green | Broughton | Fallon | Rogowski |
| Row B | (Republican) | Mintz | Hewitt | Bestry | Doyle | Gossel |
| Row C | (Conservative) | Roberts | Green | Broughton | Fallon | Gossel |
| Row D | (Liberal) | Mintz | Green | Broughton | Doyle | Gossel |

Candidate Rogowski duly requested a drawing for the Democratic row pursuant to subdivision 2 of section 7-116 of the Election Law at which his name was selected first, followed by the names of Green, Broughton, Roberts and Fallon, in that order. The board again followed its policy of forming the

ballot from the top down, and because of the limitations of the voting machine, the resulting ballot appeared as follows:

| Row A | (Democratic) | Rogowski | Green | Broughton | Roberts | Fallon |
|-------|--------------|----------|-------|-----------|---------|--------|
| Row B | (Republican) | Gossel | Hewitt | Bestry | Mintz | Doyle |
| Row C | (Conservative) | Gossel | Green | Broughton | Roberts | Fallon |
| Row D | (Liberal) | Gossel | Green | Broughton | Mintz | Doyle |

Petitioner Mintz commenced this proceeding seeking to compel the board to restore the ballot to its original format. The trial court dismissed petitioner's application and this appeal ensued. In our view, *Matter of Cooke v Lomenzo* (31 NY2d 244) is dispositive of this appeal and requires a reversal. There, as here, because of multiple nominations and voting machine limitations, a drawing requested by only one of the candidates would have resulted in moving whole columns to the prejudice of candidates of other parties, and the court (p 247) concluded that: "It is unnecessary to decide whether a multiple nomination destroys a right to a drawing in every situation. It is enough to hold that this right is impaired whenever its exercise might work a displacement on the ballot prejudicial to the candidates of other parties". The trial court's reliance on *Matter of Wolf v Acito* (42 NY2d 1076) is misplaced since there was no allegation of prejudice to candidates of the parties not participating in the drawing at issue. We also reject as lacking in merit the board's contention that *Cooke* applies only where a drawing will displace candidates on rows above that occupied by the candidate who requested the drawing. Judgment reversed, on the law and the facts, without costs, and petition granted. Mahoney, P. J., Sweeney, Staley, Jr., and Herlihy, JJ., concur