(October 3, 1984)

■ In the Matter of JOHN F. O'SHAUGHNESSY, Respondent, v ISABEL R. DODD et al., Respondents, and RAYMOND HARRINGTON, Appellant. — Appeal from a judgment of the Supreme Court (Lama, J.), dated September 24, 1984, and entered in Nassau County, which, *inter alia,* annulled a determination of respondent Board of Elections of the County of Nassau that a drawing be held to determine the column positions of the three Republican candidates for the office of County Court Judge in Nassau County.

Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Respondent Board of Elections of the County of Nassau should conduct a limited drawing to determine the column positions of the three Republican candidates for County Court Judge in Nassau County, in accordance herewith.

There are three vacancies for the position of County Court Judge in Nassau County to be filled in the upcoming election. The Board of Elections of the County of Nassau established that the various candidates for these offices would appear on the ballot in the following positions:

|   |      | 1       | 2            | 3     | 4          |
|---|------|---------|--------------|-------|------------|
| A | Dem. | Samenga | Fertig       | Lipp  | ----------- |
| B | Rep. | ----------- | O'Shaughnessy | Belfi | Harrington |
| C | C    | Samenga | ----------- | Belfi | Harrington |
| D | L    | Samenga | O'Shaughnessy | Lipp  | ----------- |
| E | RTL  | ----------- | O'Shaughnessy | Brown | Sullivan.  |

Candidate Harrington demanded that the positions of the names of the candidates be determined by lot, pursuant to subdivision 2 of section 7-116 of the Election Law. The Board of Elections thereafter determined that a drawing would be held subject to the limitations that (1) the position of the candidates in row A could not be altered, (2) no name could appear in more than one vertical column, and (3) an "essential minimum" number of columns could not be exceeded.

Petitioner O'Shaughnessy thereafter commenced this proceeding to annul the foregoing determination. The petition was granted and this appeal ensued.

The rule that the right to a drawing to determine the column positions of various candidates of a given party for a certain position is impaired whenever its exercise might work a displacement on the ballot prejudicial to the candidates of other parties (*Matter of Cooke v Lomenzo,* 31 NY2d 244) has been limited to situations wherein a drawing will displace candidates on rows above the row occupied by the candidate requesting a drawing (*Matter of Mintz v Cuomo,* 45 NY2d 918). In this case, a lottery to determine the positions of row B candidates would impair a candidate on row A only if candidate O'Shaughnessy, by the luck of the draw, obtained a position in column No. 3, since that would result in candidate Lipp's displacement on the Liberal line (and consequently on the Democratic line) to column No. 4. However, a lottery limited in such a way as to preclude the possibility of candidate O'Shaughnessy appearing in column No. 3 is possible, and would permit candidate Harrington to exercise his substantial statutory right to a drawing to determine his position on the Republican line (Election Law, § 7-116, subd 2).

We also note the rule, announced in the case of *Matter of Wolf v Acito* (42 NY2d 1076), that the winner of a limited lottery be placed in the first column available to him. In *Wolf* (*supra*), a candidate originally slated to appear in the last of three available columns could not, because of cross indorsements, appear in the first available column. This candidate demanded a lottery. When the drawing was held, the demanding candidate's name was drawn first, but since he was excluded from the first available column a second drawing was held. This drawing resulted in his being relegated to the last column. The Court of Appeals disapproved of the procedure employed by the Board of Elections and reinstated the judgment of Special Term which directed that the demanding candidate's name be placed in the first column open to him (i.e., the third column) in view of his having won the first drawing. While use of this procedure in this case would result in candidate O'Shaughnessy's having an unequally high chance of obtaining a position in column No. 4, any other result would, in effect, abrogate the right to a drawing conferred on candidates such as Harrington in order to guarantee that placement in an unfavorable column be determined by a random procedure rather than by whatever other method the Board of Elections might choose to employ. Titone, J. P., Lazer, Bracken and Boyers, JJ., concur.