Michael **STRONG**, Plaintiff,

v.

**SUFFOLK COUNTY BOARD OF ELECTIONS, Commissioners Gerald L. Berger and Gerald Edelstein, and the Suffolk County Board of Elections, Defendants.**

No. CV 94–4839 (ADS).

United States District Court, E.D. New York.

Dec. 17, 1994.

Michael Strong, pro se.

Robert J. Cimino, Suffolk County Atty. by Robert H. Cabble, Asst. County Atty., Hauppauge, NY, for defendants.

## MEMORANDUM AND ORDER

SPATT, District Judge:

The plaintiff pro se Michael Strong ("Strong") was the candidate representing the independent "Fed Up" party in the November 8, 1994 election for the congressional seat of the first congressional district of New York. Strong was not elected.

On October 17, 1994 Strong moved by Order to Show Cause to preliminarily enjoin the defendants from "drawing up, printing, distributing and promulgating any and all Electoral Ballots for the November 8, 1994 elections, in which appears the office of Representative in Congress, 1st District," pending a final disposition on the merits of this action. Strong contended that the form of the election ballot was inadequately drawn and allegedly violated Strong's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

The Court heard oral argument on Strong's motion on October 21, 1994, and ruled that Strong had not met the criteria for a preliminary injunction. The Court found that any irreparable harm alleged by Strong was speculative. The Court also found that Strong had failed to show a likelihood of success on the merits or a sufficiently serious question going to the merits that is a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Indeed, the Court stated it had serious reservations regarding whether Strong had even presented a cognizable claim under the Fourteenth Amendment or 42 U.S.C. § 1983.

In its order denying the plaintiff's motion for a preliminary injunction, the Court directed that the plaintiff submit a memorandum of law within several weeks addressing the issue of why his complaint should not be dismissed for failure to state a claim. It is that issue that the Court addresses in this decision.

## THE COMPLAINT

According to the complaint, on August 23, 1994 Strong submitted an Independent Nominating Petition for the Fed Up Party, containing the signatures of 4,541 registered voters which nominated him for the congressional seat of the first congressional district of New York. Upon submission of the nominations, he asked the defendant Gerald Berger ("Berger"), who is the Republican Commissioner of the Suffolk County Board of Elections about the procedure for determin-

ing ballot positions and the placement of his name on the ballot. Strong alleges that he was told he would be notified of the procedure and placement.

Essentially, Strong contends that he was never notified of the procedure, and was subsequently told by Commissioner Berger that Strong had no say in ballot placement. Because of an alleged need to collapse the ballot so as not to leave any gaps in space, while maintaining the positions on the ballot designated to the five major parties in New York, Strong was placed in a position on the ballot in the same row as the Socialist Worker's Party, albeit several columns away. According to Strong, such a position on the ballot puts him at a disadvantage, by making it difficult for someone reading the ballot to know that Strong is running for Congress as an independent Fed Up candidate.

Strong submitted a freedom of information form to the Suffolk County Board of Elections, requesting the transcript of proceedings that determined the ballot positions. Strong alleges that Commissioner Berger and the defendant Edelstein, the Democratic Commissioner of Elections, responded to the request by explaining to Strong that there was no such transcript. The two commissioners are alleged to have explained to Strong that they sat down and formulated the ballot as they thought it would best work.

According to Strong, the defendants have failed to adopt a constitutional means of ballot placement. Strong contends that the preparation and positioning of the candidates and parties in the ballot at issue as allegedly described by the defendants is "arbitrary, preferential and discriminatory," and in violation of Strong's rights under the Equal Protection clause. In terms of relief, the complaint seeks to enjoin the defendants from "drawing up, printing, distributing and promulgating any and all Electoral Ballots for the November 8, 1994 elections, in which appears the office of Representative in Congress, 1st District." No other form of injunctive relief or damages is requested.

## STRONG'S PRESENT CONTENTIONS REGARDING HIS CLAIM

In responding to the Court's directive to address whether he has filed a cognizable claim under section 1983, Strong makes the following allegations that are not in his complaint:

1. That the defendants applied New York Election Law § 7–116 with respect to independent congressional candidates in a discriminatory manner, by placing the Fed Up congressional candidate on the row that the Socialist Worker's Party candidates were on, and in between the names of the independent candidates respectively backed by the Republican and Democratic parties;

2. That the defendants never informed Strong of certain alleged procedures for determination of independent ballot positions by lot under section 7–116;

3. That the independent ballot positions were not determined by lot, but arbitrarily and capriciously by the defendant commissioners;

4. That because the Democratic and Republican party leadership could not get Strong to drop his independent candidacy, the defendants conspired to derail his candidacy by placing him on the ballot next to the Socialist Workers Party;

5. That the ballot, as drawn, is confusing to voters, and the defendants placed Strong in a position on the ballot with the intent of having a maximum confusing effect on voters;

6. That the defendants did not follow the procedure outlined by New York Election Law § 7–104(e)(9), regarding placement of the closed fist/index finger next to the party emblem, and accurate reproduction of the party emblem.

In addition to the above allegations, Strong has changed his demand for relief. Strong now demands a declaratory judgment that his rights under the Fourteenth Amendment were violated by the defendants' discriminatory actions, and an injunction directing the defendants "to adopt a constitutionally permissible procedure in drawing up any and all future ballots so as to avoid invidious discrimination against any and all future candidates and parties seeking ballot placement under the discretionary powers given the

Commissioners under New York Election law."

The defendants contend that Strong still has not stated a cognizable claim under section 1983, because he was not deprived of a federal constitutional or statutory right. According to the defendants, there is no constitutional right to a favorable ballot position. Rather, such a constitutional right exists to the extent that *access* to the ballot is denied, or in some cases where the ballot position being contested is the first on the ballot. Moreover, the defendants contend that Strong misreads New York Election Law § 7–116. According to the defendants, the statute vests in the local boards of elections discretion with respect to the placement of independent party candidates on the ballot. A lottery is only necessary where two or more candidates are nominated by one party for an office to which two or more persons are to be selected, if one of the candidates makes a timely demand for the lottery in writing. The defendants contend that is not the situation here, because Strong is the only candidate of his party seeking to run for a position that only one candidate can fill.

Finally, the defendants contend that this case is moot, because the injunctive relief requested by Strong in the complaint has been denied, and the election is over. In the alternative, should Strong's claim still be viable, the defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

### Mootness

At the outset, the Court notes that the relief requested in the complaint may be moot, as the November 8, 1994 election has passed. An action becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Comer v. Cisneros,* 37 F.3d 775, 798 (2d Cir.1994) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979)).

The mootness doctrine has many exceptions, however. One such exception is when the action, although no longer live, is "capable of repetition, yet evading review." *See, e.g., Moore v. Ogilvie,* 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969) (challenge to ballot access restrictions not moot after elections have been held); *Dunn v. Blumstein,* 405 U.S. 330, 333 n. 2, 92 S.Ct. 995, 998 n. 2, 31 L.Ed.2d 274 (1972) (challenge to residency eligibility requirement for voting not moot when plaintiff subsequently met eligibility requirement).

In this Court's view, the present action as pleaded in the complaint is not moot, because it is capable of repetition, even if it presently evades review. Like the challenges in *Ogilvie* and *Dunn, supra,* the plaintiff's challenge to the Suffolk County Board of Election's procedures for ballot placement of independent candidates could be repeated in the future by other candidates. Accordingly, the action will not be dismissed as moot.

### Rule 12(b)(6) Dismissal.

A complaint is to be dismissed under Fed. R.Civ.P. 12(b)(6) for failure to state a claim, if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *accord Gagliardi v. Village of Pawling,* 18 F.3d 188, 191 (2d Cir.1994); *Allen v. West–Point–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991). Such a motion is addressed solely to the face of a pleading, *Rent Stabilization Ass'n v. Dinkins,* 5 F.3d 591, 593–94 (2d Cir.1993), and "[t]he court's function . . . is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985).

In assessing the sufficiency of a pleading on a motion to dismiss, "all factual allegations in the complaint must be taken as true," *La Bounty v. Adler,* 933 F.2d 121, 123 (2d Cir. 1991), and all reasonable inferences must be construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied sub nom., Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

Additionally, since the plaintiff is proceeding without an attorney, the Court must

give wide latitude to the papers filed by the *pro se* litigant. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (Pro se papers are held "to less stringent standards than formal pleadings drafted by lawyers."); *accord Ferran v. Town of Nassau,* 11 F.3d 21 (2d Cir.1993) (pro se complaint must be 'liberally construed' in favor of the plaintiffs, and held to less stringent standards than formal pleadings drafted by lawyers) *cert. denied,* —— U.S. ——, 115 S.Ct. 572, 130 L.Ed.2d 489 (1994).

■■■ With respect to the substantive law governing this case, the defendants are correct in contending that there is no constitutional right under the equal protection clause to a favorable ballot position. *See New Alliance Party v. New York State Board of Elections,* 861 F.Supp. 282, 299 (S.D.N.Y. 1994) (rejecting constitutional right of independent party to a better position on the ballot); *Clough v. Guzzi,* 416 F.Supp. 1057, 1067 (D.Mass.1976) (challenge to state law listing incumbents first on ballot as violating equal protection clause rejected, holding there is no constitutional right to a better ballot position).

Rather, *access* to the ballot is protected under the equal protection clause of the Constitution. *See Munro v. Socialist Workers Party,* 479 U.S. 189, 193–94, 107 S.Ct. 533, 536–37, 93 L.Ed.2d 499 (1986); *Williams v. Rhodes,* 393 U.S. 23, 30–31, 89 S.Ct. 5, 10–11, 21 L.Ed.2d 24 (1968); *New Alliance Party,* 861 F.Supp. at 293–94. Moreover, in some cases courts have held that where the ballot position being contested is for the first position on the ballot, then there may be a cognizable claim under the equal protection clause in certain circumstances. *See, e.g., Bohus v. Board of Election Commissioners,* 447 F.2d 821, 822 (7th Cir.1971); *New Alliance Party,* 861 F.Supp. at 285, 287.

■■■ In these latter situations, courts adopt a two-part test to determine the constitutionality of the top-of-the-ballot placement procedure. First, the plaintiff must show that top placement on the ballot is an advantage in an election. Second, the plaintiff must prove the existence of an intentional or purposeful discrimination by authorities in which one class is favored over another. *Sangmeister v. Woodard,* 565 F.2d 460, 465 (7th Cir.1977), *cert. denied sub nom. Illinois State Board of Elections v. Sangmeister,* 435 U.S. 939, 98 S.Ct. 1516, 55 L.Ed.2d 535 (1978). Indeed, different treatment of minority parties in ballot placement "that does not exclude them from the ballot, prevent them from attaining major party status if they achieve widespread support, or prevent any voter from voting for the candidate of his or her choice, and that is necessary to further an important government interest does not result in a denial of equal protection." *Board of Election Commissioners v. Libertarian Party of Illinois,* 591 F.2d 22, 25 (7th Cir.) (denying equal protection claim to challenge of ballot placement scheme that placed independent candidates underneath major party candidates), *cert. denied,* 442 U.S. 918, 99 S.Ct. 2840, 61 L.Ed.2d 285 (1979).

■■■ In the present situation, the plaintiff has not been denied access to the ballot. Neither is he contending for the top position on the ballot, as that slot has been designated to the political party with the most votes in the last gubernatorial election, pursuant to Election Law § 7–116(1). Rather, the plaintiff is contending that the defendants applied New York Election Law § 7–116(2) in a discriminatory manner with respect to independent congressional candidates, by placing Strong in a position on the ballot so that the other independent candidates backed by the Republican and Democratic parties would be at an advantage. In doing so, Strong claims that the independent ballot positions were not determined by lot as required by section 7–116(2), but were arbitrarily and capriciously determined by the defendant commissioners.

In this Court's view, the plaintiff misreads the relevant statute. Section 7–116 provides in relevant part as follows:

1. In printing the names of candidates on the ballot, the candidate or candidates of the party which polled for its candidate for the office of governor at the last preceding election for such office the highest number of votes, shall be row or column A or one and the candidates of the other parties

shall be placed on such ballot in descending order of such votes.

2. *The officer or board who or which prepares the ballot shall determine the order in which shall appear, below the names of the party candidates the nominations made only by independent bodies.* Such officer or board shall determine the order in which shall be printed, in a section of such ballot the names of two or more candidates nominated by one party or independent body, for an office to which two or more persons are to be elected; provided, however, that any such candidate may [by writing within certain prescribed times demand that the order be determined by lot.]

(emphasis supplied). Under the terms of the statute, the order of independent candidates is determined by the discretion of the election commissioners. Placement by lots is only available under the statute for positions where two or more candidates are nominated by one party for an office to which two or more persons are to be selected, if one of the candidates makes a timely demand for the lottery in writing. *See, e.g., O'Shaughnessy v. Dodd,* 104 A.D.2d 837, 480 N.Y.S.2d 349, 350 (2d Dept.1984), *aff'd,* 63 N.Y.2d 812, 482 N.Y.S.2d 245, 246, 472 N.E.2d 21, 22 (1984). That is not the situation here, because Strong is the only candidate of his party running for a position that only one candidate from all of the parties can fill.

■ Accordingly, the defendants did not commit any constitutional violation by failing to inform the defendant of the procedures for placement on the ballot by lots, as that procedure was inapplicable to the plaintiff. Nor, in this Court's view, did the defendants apply the statute in any manner that is discriminatory or that otherwise violates the equal protection clause. Column 13 of the ballot indicates that the first four positions on the ballot for congressional representative are filled by the registered political parties. The plaintiff's name next appears on row G, next to a closed fist/index finger which designates him as the FED UP candidate. Below his name in row I, is the independent congressional candidate for the Long Island First party. The Court finds nothing discriminatory about this arrangement of independent positions on the ballot.

Finally, the Court is of the view that the defendants' placement of the independent candidates on the ballot is reasonable, and not arbitrary and capricious. Given the state's compelling interest in regulating the form of ballot so as to prevent voter confusion, *see, e.g., Munro, supra,* 479 U.S. at 194, 107 S.Ct. at 537; *Board of Election Commissioners,* 591 F.2d at 25; *New Alliance Party,* 861 F.Supp. at 297, the plaintiff's position on the ballot does not seem unreasonable or in any way arbitrary and capricious. As the Supreme Court has stated, "the Equal Protection Clause does not make every minor difference in the application of laws to different groups a violation of the constitution." *Rhodes,* 393 U.S. at 30, 89 S.Ct. at 10.

Accordingly, even construing the pleadings "liberally" and drawing all inferences in favor of the plaintiff, the plaintiff's claim under section 1983 for violation of his equal protection rights must be rejected for the reasons stated above. Therefore the defendants' motion to dismiss the complaint is granted.

*Amendment of the Complaint.*

Rule 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires." *See also Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). Only "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of the amendment" will serve to prevent an amendment prior to trial. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *accord Block,* 988 F.2d at 350 ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing of prejudice or bad faith."); *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.,* 657 F.Supp. 136, 141 (E.D.N.Y. 1987).

Moreover, "[u]nless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend." *Lerman v. Chuckleber-*

*ry Pub., Inc.,* 544 F.Supp. 966, 968 (S.D.N.Y. 1982), *rev'd on other grounds sub nom., Lerman v. Flynt Distributing Co.,* 745 F.2d 123 (2d Cir.1984), *cert. denied,* 471 U.S. 1054, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985).

Applying the standards set forth in *Foman* and *Lerman,* it is the Court's view that amendment of the complaint in this instance would be futile. In light of the Court's ruling above that there is no constitutional violation under the equal protection clause because (1) the plaintiff had access to the ballot, (2) the position at issue was not the top position, and (3) the defendants exercised their discretion under the statute in formulating the ballot positions in a reasonable manner, the Court believes that the plaintiff cannot state a constitutional deprivation as a matter of law.

Moreover, on October 21, 1994 the plaintiff was given notice that his complaint may be dismissed, and he was given an opportunity to address the issue of whether he has stated a valid claim under section 1983. He has failed to show that such a cognizable claim exists. Accordingly, leave to amend the complaint shall not be granted, and the plaintiff's complaint is dismissed in its entirety as a matter of law.

The Clerk of the Court is advised that this action closes the case.

**SO ORDERED.**